(No. 74-CC-0565-

WILBUR McDONALD, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 27, 1980.*

FREDERICK F. COHEN, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM KARAGANIS, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, Wilbur McDonald, filed suit pursuant to Ill. Rev. Stat., ch. 37, par. 439.8, claiming $15,000.00 for unjust imprisonment. That statute establishes a maximum of $15,000.00 for unjust imprisonment of up to five years.

Claimant was born on May 3, 1939, is single, and was never convicted of a crime other than the one from which this claim arises. Claimant was arrested by Chicago police officers on July 11, 1970, and was thereafter tried and convicted on August 17, 1971. The offense for which he was indicted, tried and convicted was murder.

In August of 1973, one Lester Harrison confessed to the murder of which Claimant was convicted. On September 25, 1973, the State's Attorney of Cook County, after full evaluation of the facts in said cause, granted Claimant a new trial. The State then nolle prossed the charges against Claimant.

Claimant was imprisoned from August 17, 1971, to August 15, 1973. He was granted a pardon by the governor on the basis of innocence and was released on August 15, 1973, after remaining in custody continuously from July 11, 1970 until August 15, 1973, a total of three years and 35 days.

The record indicates that before Claimant was incarcerated, he was steadily employed and that as soon as he was released from the penitentiary, he went back to the same employment. The record also shows that on the basis of his income tax returns, his loss of earnings exceeded the maximum provided by the Illinois Statutes.

Volume 29, Ill. Ct. Cl. 371, states that before recovery can be made in cases such as the one now before the Court, Claimant must prove by a preponderance of the evidence (1) that the time served in prison was unjust; (2) that the act for which he was wrongfully imprisoned was not committed by him; and (3) the amount of damages to which he is entitled.

It is the Court's opinion that the confession of the individual who actually committed the murder, the pardon by the governor, and the proof as to the reduc-

47

tion of Claimant's earnings satisfy the Court's require-
ments.

Award is hereby entered in favor of Claimant in the
amount of $15,000.00.